## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:05CV207
### (1:03CR95)

| | |
|---|---|
| **DAVID A. KELLEY** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255, along with his

motions for the appointment of counsel and for an expedited hearing.[1]  For the

reasons stated below, Petitioner's motions are denied and no responses are

necessary from the Government.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings

for the United States District Courts, courts may appoint counsel for

_____

[1]Petitioner's motion to proceed in *forma pauperis* is denied as moot as
there is no filing fee required for motions pursuant to § 2255.

2

petitioners if a hearing is held. **United States v. Dean**, **933 F.2d 1002**

**(table), 1991 WL 84043 (4ᵗʰ Cir. 1991)**. "A movant under § 2255 is not

automatically entitled to counsel. However, under Rule 8(a) . . ., if an

evidentiary hearing is held, the court 'shall' appoint counsel for the movant if

the movant qualifies for appointed counsel under 18 U.S.C. § 3006A." **Id., at**

**\*\*2 (internal citations omitted).**

There is no constitutional right to counsel in 2255 proceedings.

However, "there is a statutory right to appointed counsel in a section 2255

proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is

required." **United States v. Vasquez**, **7 F.3d 81, 83 (5ᵗʰ Cir. 1993)**; *see also,*

**United States v. Riley**, **21 Fed. Appx. 139 (4ᵗʰ Cir. 2001)**. In this case, the

Court concludes that the Petitioner has no right to appointed counsel or an

evidentiary hearing, having failed to show that either are required in "the

interests of justice."

A prisoner in federal custody may attack his conviction and sentence on

the grounds that it is in violation of the Constitution or United States law, was

imposed without jurisdiction, exceeds the maximum penalty, or is otherwise

subject to collateral attack. 28 U.S.C. § 2255. However,

3

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 12, 2003, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Count One of the indictment charging him with making counterfeit obligations of the United States and aiding and abetting that offense in violation of 18 U.S.C. §§ 471 and 2. **Plea Agreement, filed December 12, 2003; Bill of Indictment, filed October 7, 2003.**

In the plea agreement, Petitioner was advised that he faced a maximum sentence of 20 years imprisonment, a maximum fine of $250,000, and a maximum of 5 years supervised release. **Plea Agreement, at 1.** He also waived the right to contest his conviction or sentence on direct appeal or

4

pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 5.** He does not allege prosecutorial misconduct in his petition.

Along with the plea agreement, Petitioner signed and filed a Rule 11 Inquiry certifying and affirming that he had reviewed and discussed with his attorney the questions that were to be asked at the Rule 11 hearing, that he fully understood all parts of the proceeding, and asked the Court to accept his plea of guilty. **Rule 11 Inquiry, filed December 12, 2003, at 4-6.** His attorney also signed the Rule 11 Inquiry.

On December 31, 2003, the Petitioner and his attorney attended the Rule 11 hearing before the Magistrate Judge, and the Petitioner was advised, among other things, of the maximum possible sentences and his waivers. **Rule 11 Inquiry and Order of Acceptance of Plea, filed December 31, 2003, at 3.** Prior to being questioned regarding his plea, the Petitioner was placed under oath. *Id.*, **at 1.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. *Id.*, **at 8.** In that Inquiry, Petitioner acknowledged that his written plea agreement, which he

5

also had signed, contained a provision waiving his right to appeal his

conviction or sentence or to contest it in any collateral proceeding, including a

§ 2255 petition, on any ground other than ineffective assistance of counsel or

prosecutorial misconduct. *Id.* Petitioner also acknowledged that his guilty

plea was knowing and voluntary, he was satisfied with the services of his

attorney, he understood the sentencing guidelines and how they applied to his

case, he had been afforded sufficient time to discuss his case with his

attorney, and he understood and agreed with the terms of his plea agreement.

*Id.*, at 5-7.  The Petitioner further advised the Court that he was pleading

guilty because he was in fact guilty of the crime charged in the indictment;

that his plea was voluntary "and not the result of coercion, threats or promises

other than those contained in the written plea agreement;" he acknowledged

that if the sentence imposed was harsher than expected, he was still bound by

his guilty plea; that he knew and fully understood what he was doing and

wanted the Court to accept his plea of guilty; and that he had no questions or

comments to make about any matter discussed in the course of the

proceeding. *Id*.

6

During the presentence investigation, the Petitioner disclosed to the probation officer that he was in good health, that he had no history of mental or emotional problems, and reported no experimentation with illegal drugs. **Presentence Investigation Report, prepared April 12, 2004, at 15.** The Petitioner appears to be well educated, indicating he completed a bachelors degree in business administration; and though expelled for bad conduct two months before graduating from high school, he completed the requirements for a high school diploma through home schooling. *Id.*, **at 16.**

The maximum sentence for the count to which the Petitioner pled guilty was 20 years' imprisonment and a $250,000 fine. Due in large part to his attorney's due diligence and efforts on his behalf, the undersigned sentenced the Petitioner on June 30, 2004, to a term of 24 months imprisonment. The Petitioner did not file a direct appeal, but now attacks his conviction and sentence on the grounds that he was a victim of ineffective assistance of counsel and that the Court failed to protect his rights by imposing a sentence in excess of 10 months and applying guideline enhancements not found by a jury.

7

## II.  DISCUSSION

As to Petitioner's contention that the Court erroneously imposed an excessive sentence, the objection is frivolous.  In his plea agreement, Petitioner agreed that "any sentence imposed will be in conformity with the [Guidelines]" using an adjusted offense level of 15.  **Plea Agreement, *supra*, st 2.**  In fact, the Court accepted a two-level adjustment for acceptance of responsibility, which resulted in an adjusted offense level of 13 and a Guideline range of 18 to 24 months.  **U.S.S.G. Chapter 5, Part A.**

Petitioner also contends that the indictment does not charge and the jury did not find that he "manufactured/produced counterfeit obligations and/or any specific amount," and therefore, he should have been sentenced pursuant to U.S.S.G. § 2B5.1 with a base offense level of 9.  **Petitioner's Memorandum *attached to* Petition, filed May 9, 2005, at 2.**  The amount of money involved is not a substantive element of the crime of counterfeiting to be proved at trial.  The indictment set forth the elements of the offense charged, fairly informed the Petitioner of the charge, and enabled him to plead double jeopardy to any future prosecution for the same offense and is found by the Court to have been adequate. ***United States v. Loayza*, 107 F.3d 257**

8

(4th Cir. 1997).  Where sought and granted, a bill of particulars may serve to

provide the evidentiary details.  *United States v. American Waste Fibers Co.,*

*Inc.,* **809 F.2d 1044, 1047 (4th Cir. 1987).**  In this case, however, there was

no contest as to money amount involved.  In any event, the Petitioner

precluded any possible *Booker*[2] error in this regard by stipulating in his plea

agreement that the amount involved "more than $2,000 but Less than

$5,000 [U.S.S.G. § 2B5.1(b)(1)(A)]."  **Plea Agreement,** *supra,* **at 2.**

Petitioner next contends that counsel did not advise him of any appeal

rights including any rights under 28 U.S.C. § 2255.  He does not allege that

he requested his attorney to appeal his case or sought his advice regarding the

desirability of filing an appeal or pursuing relief under § 2255.  The record

reveals, however, that after sentence was imposed, the Court fully advised the

Petitioner of his right to appeal the judgment to the Fourth Circuit Court of

Appeals on the grounds of ineffective assistance of counsel or prosecutorial

misconduct; that in order to do so, he must file a written notice of appeal with

the Clerk of Court within a period of 10 days following the date of entry of the

judgment; and that if he wished to appeal and did not have the funds to do

---

[2]*United States v. Booker,* **125 S. Ct. 738 (2005).**

9

so, he could appeal at Government expense.[3]  The Petitioner stated to the

Court that he understood his right to appeal.  Thus, it is clear to the Court that

counsel had no further need to explain to the Petitioner his appeal rights.  As

to whether or not counsel advised the Petitioner of his right to file a § 2255

proceeding, the Court knows of no requirement for counsel to advise a client

of the right to bring such a proceeding charging counsel with ineffective

assistance.

As a person who, by his own admission, completed his high school

education and obtained a college degree, it is difficult for the Court to imagine

that the Petitioner did not understand, agree with, and participate in every

relevant decision made by his experienced attorney.  It is even more difficult

to understand his claims which are totally in contradiction to the written

record in this case.  For example, during the Rule 11 inquiry, the Petitioner

stated under oath in answer to the Magistrate Judge's question, that he was

"entirely satisfied" with the services of his attorney.  **Rule 11 Inquiry and

Order of Acceptance of Plea,** *supra*, **at 6.**

---

[3]Petitioner had previously been found indigent and entitled to appointed
counsel.

10

> [T]he record reflects that the [Magistrate Judge] conducted a
> thorough and comprehensive Rule 11 hearing prior to accepting
> [Petitioner's] guilty plea. In that proceeding, . . . [Petitioner]
> stated, among other things, that no one had coerced [his] into
> pleading guilty and [he] was in fact guilty of the [conspiracy]
> offense. [Petitioner] was advised of the essential terms of the plea
> agreement, and [he] asserted under oath that [he] understood
> them.  The court reviewed the maximum permissible sentence on
> the [felony] conviction, and [Petitioner] acknowledged that [he]
> understood.  The court also advised [Petitioner] of the
> constitutional rights being waived by [his] guilty plea, and [he]
> again indicated [his] understanding.  In these circumstances,
> [Petitioner's] conclusory post-[conviction] assertions that [his]
> plea was not knowing and voluntary . . . fail to overcome the
> barrier of the sworn statements made at [his] Rule 11 hearing.

*United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).  A

defendant's statements at a Rule 11 hearing are "strong evidence" of

voluntariness and knowledge.  *United States v. DeFusco*, 949 F.2d 114, 119

(4th Cir. 1991); *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005).

> [R]epresentations of the defendant . . . at [a Rule 11 hearing], as
> well as any findings made by the judge accepting the plea,
> constitute a formidable barrier in any subsequent collateral
> proceedings.  Solemn declarations in open court carry a strong
> presumption of verity.  The subsequent presentation of conclusory
> allegations unsupported by specifics is subject to summary
> dismissal, *as are contentions that in the face of the record are
> wholly incredible.*

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (emphasis added); *see*

*also, United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005)

11

(holding that in the absence of extraordinary circumstances, which do not appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established[.]"); *Blick*, 408 F.3d at 173 (holding that the Government as well as the defendant should receive the benefits of a binding plea agreement).

Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court during the Rule 11 hearing, and his representations during that hearing, the Court finds Petitioner knowingly and voluntarily entered into the plea agreement and plead guilty to the count of the indictment cited *infra*. *DeFusco, supra.* Thus, the Court also finds the Petitioner made a knowing and voluntary waiver of the right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion except as noted in his plea agreement. *See, United States v. Shea*, 175 F.3d 1018 (table), 1999 WL 172810 (4th Cir. 1999); *United States v. Pelzer*, 166 F.3d 336 (table), 1998 WL 879019 (4th Cir. 1998) (citing *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991)); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

12

Petitioner claims his attorney was ineffective for the reasons previously addressed and others considered by the Court to be meritless.  In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).**  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id*.  Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different.  *Id*., **at 688**; *Hill v. Lockhart*, **474 U.S. 52 (1985)**; *Fields v. Attorney Gen. of Maryland*, **956 F.2d 1290 (4ᵗʰ Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).**  If the defendant fails to make the first showing, there is no need to consider the second.  *Strickland, supra.*

13

The language of the plea agreement; the record of the Rule 11 inquiry; the record of the sentencing hearing; the fact that prior to this motion the Petitioner has failed to file a single objection to counsel's performance, but to the contrary, he has previously expressed his full satisfaction with counsel; the fact that the Petitioner faced up to a statutory maximum of 20 years imprisonment, of which the final sentence in accordance with the plea agreement 24 months was a small part, disproves the Petitioner's accusations against his attorney.  Instead, these factors indicate a job well done by an experienced attorney who worked diligently and successfully on behalf of his client.  Thus, the Court concludes that counsel's performance was not deficient and the second prong of *Strickland* need not be reached. Petitioner's motion is found by this Court to be void of merit and will be summarily dismissed.


## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correction judgment is hereby **DENIED**.  A Judgment dismissing the action is filed herewith.

14

**IT IS FURTHER ORDERED** that the Petitioner's motions for appointment of counsel and an expedited hearing are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to proceed in *forma pauperis* is hereby **DENIED** as moot.

15

**Signed: December 9, 2005**

Lacy H. Thornburg
United States District Judge